IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID PACHECO,

Plaintiff,

v. 1:26-cv-01050-SMD-JMR

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY, et al.,

Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART ALLSTATE'S MOTION TO COMPEL SUPPLEMENTATION OF PLAINTIFF'S DISCOVERY RESPONSES**

THIS MATTER is before the Court on Defendant Allstate Fire & Casualty Insurance Company's ("Allstate") Motion to Compel Supplementation of Plaintiff's Discovery Responses, filed July 13, 2026. Doc. 22. Plaintiff filed a response in opposition. Doc. 29. Allstate filed a reply, Doc. 31, and a notice of errata to its reply, Doc. 38. The Court held a hearing on the Motion on October 2, 2026. Doc. 42.

Having reviewed the briefing, the relevant law, and the facts, and for the reasons stated at the hearing, Allstate's Motion to Compel (Doc. 22) is GRANTED IN PART and DENIED IN PART. Specifically, the Court orders that on or before **October 9, 2026**, Plaintiff must supplement his responses to Allstate's First Set of Interrogatories, Requests for Production, and Requests for Admissions as follows:

i. Interrogatory 5: Plaintiff must provide contact information for (1) Plaintiff's wife and daughter, (2) the individuals previously identified in Plaintiff's initial disclosures, and (3) anyone else who may have discoverable information regarding Plaintiff's claims. The supplementation must include the information requested in Interrogatory 5 (the person's name, last known address, telephone number, and employer) to the extent

known by Plaintiff.

ii. Interrogatory 8: Plaintiff shall provide the amounts paid to medical providers, dates of payment, and copies of the check(s).

iii. Interrogatory 14: Plaintiff shall provide his employment history from January 1, 2015, to December 31, 2022, as well as any employment history since his retirement in 2022. For each position, Plaintiff shall specify the employer's name, immediate supervisor, a description of job duties, start and end dates, and the reason for leaving the position.

iv. Interrogatory 16: Plaintiff shall specify the name of the treating provider who recommended back surgery. Plaintiff must also either stipulate that his prostate cancer was not connected to or exacerbated by the accident at issue in this lawsuit, or provide details regarding the cancer diagnosis, treatment, and specific explanation of how it was exacerbated by the accident.

v. Request for Production 7: Plaintiff must disclose any personal injury claims, car accidents, workplace accidents or worker compensation claims, slip and fall claims, and sports-related injuries from January 1, 2016, to present. If there are no such accidents, claims, or injuries, Plaintiff must affirmatively state so.

vi. Request for Production 14: Plaintiff shall provide a copy of any checks submitted to his medical providers.

vii. Request for Production 22: Plaintiff shall provide all communications he has had with the tortfeasor and Esurance. Regarding Allstate's claims file, Plaintiff's counsel must compare his file with Allstate's file and stipulate if no additional documents are found. If additional documents are found, he must provide them to Allstate.

All relief not specifically granted as to the Motion is denied. Additionally, Allstate's request for attorney fees in connection with the Motion is denied.

JENNIFER M. ROZZONI
United States Magistrate Judge